IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| FIFTH THIRD BANK | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-2227 -WEB |
| | ) | |
| SEKOCH INSURANCE, LLC, | ) | |
| | ) | |
| ROY SEKOCH, and, | ) | |
| | ) | |
| DONNA SEKOCH, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER

Before the court is Defendant Roy Sekoch's pro se Motion to Reconsider (Doc. 18) the Court's denial of an extension of time to answer and the Plaintiff's Motion for Default Judgment (Doc. 12). The Plaintiff filed its Motion for Default Judgment (Doc. 12) on July 9, 2010 . The Court issued an Order to Show Cause (Doc. 13) on August 4, 2010, ordering the defendants to each show cause, in writing, on or before September 3, 2010, why the Plaintiff's Motion for Default Judgment should not be considered and decided as an uncontested motion pursuant to D.Kan. Rule 7.4.

Defendant Roy Sekoch filed a Response (Doc. 15) to the show cause order on August 11, 2010, which contained a copy of the Court's order to show cause with "how when nothing was received" handwritten on the document. Attached to the copy of this court's order, Mr. Sekoch included a copy of the notice of electronic filing of the Order to

1

Show Cause (Doc. 13), which by its very inclusion establishes that Defendant Roy Sekoch received it. The third page of the mailing is what Defendant Roy Sekoch labels as his answer. It states, among other claims, that he is defending himself, his wife, Donna Sekoch, and Sekoch Insurance. However, it is only signed by Defendant Roy Sekoch. The final attachment included in the response is a copy of a default judgment against Aleritas Credit Corporation, formerly known as Brooke Credit Corporation, from the 342nd Judicial District of Tarrant County, Texas. Neither the defendant Roy Sekoch nor the other defendants in this case are mentioned in the default judgment. Without any explanation for its inclusion, this Court cannot even begin to speculate as to its relevance.

Plaintiff filed a Reply (Doc. 16) to Mr. Sekoch's Response, in which Plaintiff identifies the Return of Service (Docs. 4, 5, and 6) and the Waiver of the Service of Summons (Docs. 7 and 8) that establish that the defendants have all received notice of the pending case. Plaintiff states that no answer has been filed by the defendants and that the document labeled an "Answer" (Doc. 9) on the docket sheet is a four sentence letter that does not admit or deny any of the allegations in the Complaint.

<u>Motion to Reconsider</u>

The ruling that Defendant Roy Sekoch seeks reconsideration of is a denial of an extension of time to answer. The local rules of this district recognize motions for reconsideration of "non-dispositive" orders. D.Kan.R. 7.3(b). Under Rule 7.3(b), a motion seeking reconsideration generally must be based on an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or

2

prevent manifest injustice. A motion to reconsider is available when the court has misapprehended the facts, a party's position, or the controlling law, but it is not appropriate to revisit issues already addressed or to advance arguments that could have been raised in prior briefing. *See e.g., Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (addressing motion under Rule 59(b)). The decision whether to grant a motion to reconsider is committed to the district court's discretion. *In Re Motor Fuel Temp. Sales Practices Litigation*, 707 F.Supp.2d 1145, 1166 (D. Kan. 2010).

In this case, Mr. Sekoch does not provide enough substance to grant his Motion to Reconsider (Doc. 18) under Rule 7.3(b). He does not base his motion on an intervening change in controlling law, the availability of new evidence, or the need to correct clear error. Mr. Sekoch does state that he "feel[s] that the court in Kansas is not being a [*sic*] fair and just in this matter." This threadbare statement–absent any factual or legal argument--is insufficient to grant reconsideration under Rule 7.3(b).

Although Mr. Sekoch is appearing pro se, and the Court thus construes his filings liberally, it cannot assume the role of his advocate, *see Merryfield v. Jordan*, 584 F.3d 923, 924 n.1 (10th Cir. 2009), and certainly cannot manufacture arguments that he has not presented. Therefore, his Motion to Reconsider is denied.

Default

Although Mr. Sekoch has not specifically responded to the allegations in the

Complaint, given that he is appearing pro se, the Court will construe his filings liberally. Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Plaintiff's Motion for Default Judgment (Doc. 12) was accompanied by an affidavit of the Senior Vice President at Fifth Third Bank.

Mr. Sekoch has made multiple filings in which he has sought to defend himself in this action. Docket entry 9, which is signed by Mr. Sekoch states that it is in response to the court action and summons, asks for settlement discussions, and requests discovery. Then after the Court issued a Show Cause Order on August 4, 2010, Mr. Sekoch filed a signed response dated August 11, 2010 in which he claims that he was granted a termination and release of the franchisee agreement and also contends that the agreement for the loan is null and void because of fraudulent misrepresentations. In light of Mr. Sekoch's pro se status, the Court interprets these filings as "otherwise defend[ing]" or at the very least acts that show an intent to defend. Accordingly, the Court denies the motion for default judgment against Mr. Sekoch.

However, although Mr. Sekoch states that he is defending himself, his wife, Mrs. Donna Sekoch, and Sekoch Insurance, the documents he has filed have only ever been signed by him. Ms. Sekoch has not filed any type of response on her own behalf. Sekoch Insurance has not filed any type of response to the proceedings.

Rule 85.5.1(c), Rules of Practice for the United Stated District Court for the

District of Kansas, provides: "[o]nly attorneys enrolled as provided in paragraph (a) of this rule or duly admitted pro hac vice may appear or practice in this court. But nothing in these rules prohibits any individual from appearing personally on his or her own behalf." (emphasis added). An individual may not file pleadings pro se on behalf of a corporation. *See, e.g., Flora Constr. Co. v. Fireman's Fund Ins. Co.,* 307 F.2d 413 (10th Cir. 1962) (holding that a corporation may appear in court only through an attorney at law), *cert. denied,* 371 U.S. 950 (1963). Even though Mr. Sekoch claims to be responding on behalf of all of the defendants, he is not entitled to do so according to the applicable law. As a pro se litigant, he may represent himself, but he cannot appear on behalf of a corporation nor may he make filings on behalf of his wife.

"[W]hen entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties."*Williams v. Life Sav. & Loan,* 802 F.2d 1200, 1203 (10th Cir.1986). "[A] district court must determine whether it has jurisdiction over the defendant[s] before [it may enter] judgment by default against a party who has not appeared in the case." *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.,* 115 F.3d 767, 772 (10th Cir.1997).

Subject matter jurisdiction in this case is proper pursuant to diversity jurisdiction. *See,* 28 U.S.C. §1332(a). Plaintiff is a banking corporation organized and existing under the laws of the State of Ohio, with its principal place of business in the State of Ohio, and

5

is a citizen and resident of Ohio. Defendants Roy and Donna Sekoch are individual citizens and residents of the State of Arizona. Defendant Sekoch Insurance, LLC is and has been at all relevant times an Arizona limited liability company. Its two members are, and have at all relevant times, defendants Roy and Donna Sekoch, both of whom are and have been individual citizens and residents of the State of Arizona, and not of the state of Ohio. The amount or value of the property in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

The Loan Agreement, which is the subject of the dispute, provides that jurisdiction and venue for any dispute arising under or in relation to the Loan Agreement will lie in the district where the secured party is located, which according to the supporting documentation was Brooke Credit Corporation in Overland Park, Kansas. Doc. 1, Exhibit C. In accordance with K.S.A. 60-308 (b)(1)(A) and (E), these facts establish that this court has personal jurisdiction over each of the defendants.

The docket reflects that each of the defendants in this case was served with the Complaint and a summons shortly after April 20, 2010 (Docs. 4, 5, and 6). Defendant Donna Sekoch's signature is on the certified mail receipt for each summons. Still, she has failed to file an answer as specifically directed in the summons.

Similarly, no answer has been filed on behalf of the company, Sekoch Insurance, LLC, despite the summons being returned executed. Mr. Sekoch has clearly received copies of the Complaint and subsequent filings as is evidenced by him filing multiple

documents on his own behalf. Mr. Sekoch signed the loan documents in dispute on behalf of and as the managing member of Sekoch Insurance, LLC. Both Mr. and Mrs. Sekoch signed the Agreement for Advancement of Loan in their individual capacities. Therefore, service of the company's summons on Mr. and Mrs. Sekoch is sufficient service to confer jurisdiction over Sekoch Insurance, LLC.

IT IS THEREFORE ORDERED Defendant Roy Sekoch's Motion for Reconsideration (Doc. 18) is DENIED.

IT IS FURTHER ORDERED for all of the aforementioned reasons, entry of default against Defendant Donna Sekoch and Defendant Sekoch Insurance, LLC is proper and so ordered. Accordingly, Plaintiff's Motion for Default Judgment (Doc. 12) is GRANTED as to Defendant Donna Sekoch and Defendant Sekoch Insurance, LLC but DENIED as to Defendant Roy Sekoch.

IT IS SO ORDERED this 17th day of December, 2010 in Wichita Kansas.

s/ Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge