IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| | |
|---|---|
| FIFTH THIRD BANK | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. 10-2227 -WEB |
| | ) |
| SEKOCH INSURANCE, LLC, | ) |
| | ) |
| ROY SEKOCH,   and | ) |
| | ) |
| DONNA SEKOCH, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

This is an action for collection of certain promissory notes made by defendant

SeKoch Insurance, LLC and guaranteed by defendants Roy SeKoch and Donna SeKoch.

Judgment has already been entered against defendant SeKoch Insurance, LLC, and the

only remaining claims are those asserted by the plaintiff against defendants Roy SeKoch

and Donna SeKoch. Before the court is Defendants Roy and Donna SeKoch's  pro se

Motion to Dismiss (Doc. 27) and Motion to Set Aside Order (Doc. 42).

Motion to Dismiss (Doc. 27)

In Defendants' "Answer to Fifth Third Bank's Response to Defendant's Letter of

Joinder" the defendants assert that Plaintiff cannot prove that they have signed

documentation that they are the holder in due course of "any alleged" loans.  Defendants

further state that they never received "one penny of this alleged money," and requests a

copy of any cancelled checks with defendants' signatures on them.  The last sentence states, "I again ask the Court to dismiss this case with prejudice[]."

Defendant Mr. SeKoch filed a Supplement to the Motion to Dismiss (Doc. 51) in which he again prays that the Court set aside the default judgment and dismiss the case with prejudice.  Mr. SeKoch claims that loans were fraudulently made, citing another case pending in the District of Kansas: 11-2251, Securities and Exchange Commission v. Orr.

Plaintiff's response states that contrary to Mr. SeKoch's assertion, the cited case does not show what the defense claims.  Instead, Plaintiff argues that the case shows that a civil enforcement action was brought for securities fraud, based on alleged mis-statements in SEC filings and other public statements.  Plaintiff asserts that the SEC charges claimed overstatements were made regarding the number of Brooke Capital franchisees and their financial health, the deterioration of Aleritas' corresponding loan portfolio, and the increasingly dire liquidity and financial condition of the Brooke companies.  Plaintiff contends that "[r]egardless of any alleged overstatements to investors about the number of franchisees and their financial health, the fact remains that SeKoch Insurance LLC received the benefit of funds represented by the loan at issue in this case, and those funds were used to acquire an insurance agency which SeKoch Insurance LLC then took over and now owns and operates."  Doc. 53, at 2.

The case Mr. SeKoch cites is currently pending, and the Court cannot draw a conclusion based merely on the filing of a case.  The fact that a case has been filed (and not yet litigated) is not evidence sufficient to dismiss the case as Mr. SeKoch requests.

2

Although Mr. and Mrs. SeKoch are appearing pro se, and the Court thus construes their filings liberally, it cannot assume the role of his advocate, *see Merryfield v. Jordan*, 584 F.3d 923, 924 n.1 (10th Cir. 2009), and certainly cannot manufacture arguments that have not been presented. Defendants have merely made conclusory statements and requested the production of evidence, neither of which is sufficient to succeed on a Motion to Dismiss.

Therefore, for the aforementioned reasons, Defendants' Motion to Dismiss (Doc. 27) is denied.

Motion to Set Aside Order/Motion to Reconsider (Doc. 42)

On December 17, 2010, the Court granted Plaintiff's Motion for Default Judgment as to Donna SeKoch and SeKoch Insurance, LLC.  On December 20, 2010, Roy and Donna SeKoch filed a Motion for Reconsideration (Doc. 22). On January 6, 2011, this Court set aside the default judgment as to Defendant Donna SeKoch.

On January 21, 2011, Mr. SeKoch once again filed a Motion to Reconsider and Set Aside the Default Judgment  (Doc. 42).   In this motion,  Mr. SeKoch stated that new evidence in a bankruptcy case stated that the loan amount was different than alleged and that the loan is owned by Brooke Corporation–not Fifth Third Bank.

Plaintiff filed a response (Doc. 43) requesting the Court to issue an order restraining and enjoining the filing of any further motions or pleadings by or for SeKoch Insurance, LLC without the entry of an appearance by an attorney licensed to practice in this court.  Plaintiff further argues that this third motion to reconsider is not timely and

has no basis.

Rule 85.5.1(c), Rules of Practice for the United Stated District Court for the District of Kansas, provides: "[o]nly attorneys enrolled as provided in paragraph (a) of this rule or duly admitted pro hac vice may appear or practice in this court.  But nothing in these rules prohibits any individual from appearing personally on his or her own behalf." (emphasis added).   An individual may not file pleadings pro se on behalf of a corporation.  *See, e.g., Flora Constr. Co. v. Fireman's Fund Ins. Co.,* 307 F.2d 413 (10th Cir. 1962) (holding that a corporation may appear in court only through an attorney at law), *cert. denied,* 371 U.S. 950 (1963).

This Court has ruled on the default against SeKoch Insurance, LLC in a previous order and denied the motion to reconsider.  *See,* Docs. 21 & 31.  In one order, this court stated:

> Under Rule 7.3(b), a motion seeking reconsideration generally must be based on an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice.  A motion to reconsider is available when the court has misapprehended the facts, a party's position, or the controlling law, but it is not appropriate to revisit issues already addressed or to advance arguments that could have been raised in prior briefing.  *See e.g., Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (addressing motion under Rule 59(b)).

Doc. 21, at 2-3.

While Mr. SeKoch claims "new evidence" (ie the bankruptcy case), this evidence is not relevant to the issue at hand: a default judgment was granted against SeKoch Insurance, LLC because the law of Kansas and the 10th Circuit requires corporations to be

4

represented by an attorney.  The Court has not misapprehended the facts, the party's position or the controlling law.  This is the Defendant's third Motion to Reconsider, and it is not appropriate as it revisits issues already addressed by the previous order (Doc. 31).

For the aforementioned reasons, the Motion to Set Aside Order/Motion to Reconsider (Doc. 42) is denied.

Conclusion

Defendant's Motion to Dismiss (Doc. 27) is DENIED.

Defendant's Motion to Set Aside Order/Motion to Reconsider (Doc. 42) is DENIED.

The Court will not consider any further motions to reconsider.

IT IS SO ORDERED this 30th day of September, 2011 in Wichita Kansas.

Wesley E. Brown
U.S. Senior District Judge