IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FIFTH THIRD BANK,

Plaintiff,

vs. Case No. 10-2227-JTM

ROY SEKOCH, AND
DONNA SEKOCH,

Defendants.

MEMORANDUM AND ORDER

This is an action for collection of certain promissory notes made by defendant SeKoch Insurance, LLC and guaranteed by defendants Roy SeKoch and Donna SeKoch. Judgment has already been entered against defendant SeKoch Insurance, LLC, and the only remaining claims are those asserted by the plaintiff against defendants Roy SeKoch and Donna SeKoch. The matter is before the court on the plaintiff's Motion for Summary Judgment (Doc. 56).

## I. Jurisdiction

Subject matter jurisdiction is invoked under 28 U.S.C. § 1332 and is not disputed. The Court's personal jurisdiction over the parties is not disputed.

**II. Legal Standard of Review**

Summary judgment is appropriate when "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A "fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores*, 144 F.3d 664, 670 (10th Cir. 1998), *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Id.*

The Court views the evidence and all reasonable inferences in favor of the non-moving party. *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1108 (10th Cir. 2001). "The movant bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." *Adler,* 144 F.3d at 670-671. The movant can meet this burden by demonstrating a lack of evidence on an essential element of the nonmovant's claim. *Id.* at 671. When the movant carries this initial burden, the nonmovant that would bear the burden of persuasion at trial may not simply rest upon its pleadings; the burden shifts to the nonmovant to go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant. *Id.*, *citing* Fed. R. Civ. P. 56(e).

"To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F. 3d at 671 (internal citations and quotations omitted). The nonmoving party cannot defeat a properly supported motion for summary judgment by relying on conclusory allegations; rather, the opposing party must come forward with

significant admissible probative evidence supporting that party's allegations. *Anderson*, 477 U.S. at 256.

"The moving party need not disprove [the nonmoving party's] claim; it need only establish that the factual allegations have no legal significance." *Wade v. EMCASCO Ins. Co.,* 2004 WL 5550384 (D.Kan.), *citing Dayton Hudson Corp. v. Macerich Real Estate Co.,* 812 F.2d 1319, 1323 (10th Cir.1987).

Finally, the court reminds the parties that summary judgment is not a "disfavored procedural shortcut." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). It is an important procedural vehicle "designed to secure the just, speedy and inexpensive determination of every action." *Id., citing* Fed. R. Civ. Pro. 1. One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. *Id.*

**III. Facts**

The Court finds the following facts to be substantively uncontroverted as previously held in the Pretrial Order. Doc. 54. To the extent that requested findings of fact are not included here, it is because the Court finds that the requested findings are unsupported in the evidence, irrelevant, or duplicative of other requested facts. The presentation of repetitive, irrelevant, and cumulative evidence does not create any triable issue of material fact.

SeKoch Insurance, LLC ("SeKoch Insurance") is an Arizona limited liability company established in April 2005. Since its establishment, defendants Roy SeKoch and Donna SeKoch have

been members of SeKoch Insurance. SeKoch Insurance entered into several agreements with Aleritas (formerly known as Brooke Credit Corporation) on April 29, 2005. Those agreements included an Agreement for Advancement of Loan, a Commercial Security Agreement, and an Addendum to Security Agreement. Roy SeKoch signed the agreements in his capacity as Managing Member of SeKoch Insurance. Defendants received copies of these agreements.

On that same date, Roy SeKoch and Donna SeKoch, each in their individual and personal capacities, signed a Guaranty guaranteeing to Aleritas "the payment and performance of each and every debt, liability and obligation of every type and description" which SeKoch Insurance may then or at any time thereafter owe to Aleritas. Guaranty, Doc. 1, Exhibit 4. Defendants received a copy of the Guaranty.

On October 31, 2006, SeKoch Insurance signed and delivered to Aleritas Promissory Note 5743 in which it promised and agreed to pay Aleritas the principal sum ($561,473.00) and interest. Roy SeKoch signed the note in his capacity as Managing Member. This promissory note supplemented and superseded any prior notes executed by SeKoch Insurance in favor of Aleritas. Defendants received a copy of the note, and SeKoch Insurance received $561,473.00.

SeKoch Insurance has failed to make payments of principal and interest as required by the terms of Promissory Note 5743. Fifth Third Bank provided notice to defendants of SeKoch Insurance's default of its obligations under the Agreement for Advancement of Loan and Promissory Note 5743, on September 22, 2009, October 19, 2009, and again on November 16, 2009. Roy and Donna SeKoch have failed to make the required payments in accordance with their obligations under the Guaranty.

As of April 15, 2010, the unpaid principal balance on Promissory Note 5743 was $527,503.42 and the accrued and unpaid interest was $61,859.71. Defendants owe to plaintiff the principal sum, plus accrued interest.[1]

**IV. Analysis**

The Court previously granted default judgment against SeKoch Insurance, LLC (Doc. 21). The Complaint (Doc. 1) contains three counts: (1) judgment against SeKoch Insurance, LLC on SeKoch loan documents, (2) enforcement of security interest against SeKoch collateral, and (3) action of personal guaranty claim against defendants Roy and Donna SeKoch. Plaintiff now seeks summary judgment on the personal guaranty claim.

*A. Plaintiff's Arguments*

Plaintiff asserts that SeKoch Insurance borrowed money from Aleritas to finance the acquisition of its insurance franchise. Roy and Donna SeKoch, each in their individual and personal capacities, signed a Guaranty for the debts, liabilities and obligations which SeKoch Insurance may then or at any time thereafter owe to Aleritas. The loan to SeKoch Insurance was then sold by Aleritas to securitization companies, which issued notes to finance the purchase of the loan. The loan made to SeKoch Insurance was given as collateral for the notes purchased by Fifth Third Bank. That collateral has now been foreclosed, and the loan made to SeKoch Insurance is now held by Fifth Third. Plaintiff contends that the defendants are in default and, as the holder of the notes, seeks

[1]The Court notes that this fact is stipulated in the Pretrial Order. *See* Doc. 54, Fact 32.

money judgments against the defendants to recover the money which SeKoch Insurance received.

Finally, plaintiff argues that under the loan agreements, SeKoch Insurance owes Fifth Third $589,363.13 plus interest continuing to accrue since April 15, 2010. Plaintiff contends that in accordance with their guaranty, Roy and Donna SeKoch owe Fifth Third that sum. Plaintiff submits that it has been damaged by at least this amount plus reasonable attorneys' fees, court costs, and expenses, by the breach of SeKoch Insurance and Roy and Donna SeKoch.

*B. Defendants' Arguments*

The defendants have jointly filed a 2-page response to plaintiff's motion. In their filing, defendants mention an SEC case, claiming that Brooke Corporation and Aleritas were found "guilty of Financial Fraud on May 4th 2011 and fined accordingly." Defendants claim that the case "shows that any loans that were initiated where [*sic*] fraudenlty [*sic*] made." Doc. 58, p.1. Defendants further claim that the plaintiff has not "proven that they are holders of the note in due course." *Id.*

*C. Conclusions of Law*

"A guaranty is a contract between two or more persons by which one person promises to answer to another for the debt, default, or miscarriage of a third person." *Raynor Mfg. Co. v. Raynor Door Co., Inc.*, 2010 WL 744801 (unpublished, Kan.App., 2010). "The rules governing the interpretation and construction of contracts generally apply to the interpretation or construction of contracts of guaranty." *Botkin v. Security State Bank*, 281 Kan. 243, Syl. ¶ 2, 130 P.3d 92 (2006).

Since a guaranty is a contract, in order to be successful on its claim, plaintiff must prove the following essential elements: (1) the existence of a contract between plaintiff and defendants; (2) consideration; (3) plaintiff's performance or willingness to perform in compliance with the contract; (4) defendants' breach of the contract; and (5) that plaintiff was damaged by the breach. *See Britvic Soft Drinks Ltd. v. ACSIS Technologies, Inc.*, 265 F.Supp.2d 1179, 1187 (D. Kan. 2003).

Roy and Donna SeKoch signed a guaranty and, in consideration for their personal guaranties, Aleritas agreed to loan money to SeKoch Insurance. Fifth Third contends that it has performed in compliance with the contract. The breach occurred when SeKoch Insurance failed to make payments, and Roy and Donna SeKoch have failed to make the required payments in accordance with their obligations under the Guaranty. Fifth Third has been damaged because of the remaining unpaid principal and accrued interest.

Based on the stipulated facts in the Pretrial Order (Doc. 54) and the applicable law, plaintiff, as the movant, has met the "initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." *Adler,* 144 F.3d at 670-671.

Since plaintiff has met that initial burden, the burden shifts to the nonmovant (defendants) to go beyond the pleadings and set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant. *Id.*, *citing* Fed. R. Civ. P. 56(e).

There are several defenses to a personal guaranty claim. "[A] guarantor may be relieved of an obligation to pay if the debt is extinguished, if there is a valid release or discharge, if a claim against the guarantor is barred by the statute of limitations, or if there is a change in the original

contract between the obligor and obligee." *Iola State Bank v. Biggs*, 233 Kan. 450, 456 (1983).

The Court recognizes that the defendants are appearing pro se. Pro se pleadings are to be liberally construed and "however inartfully pleaded," they must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972); *see also Kay v. Bemis,* 500 F.3d 1214, 1218 (10th Cir. 2007).

However, although Mr. and Mrs. SeKoch are appearing pro se and the Court thus construes their filings liberally, it cannot assume the role of their advocate, *see Merryfield v. Jordan*, 584 F.3d 923, 924 n.1 (10th Cir. 2009), and certainly cannot manufacture arguments that have not been presented. Defendants have merely made conclusory statements and requested the production of evidence.

The crux of the defendants' argument is that plaintiff has not proved that it is the holder in due course. The Court notes that plaintiff alleges in the Complaint, with a degree of specificity, how it came to be the holder of the note. Doc. 1, ¶¶ 8-20. The defendants' answer seems to dispute this fact.[2] However, the Pretrial Order contains the parties' stipulated facts--including that defendants "owe to Fifth Third Bank the principal sum of $527,503.42, plus accrued interest." Doc. 54, p. 6. The answer was filed on May 7, 2010. The Pretrial Order was filed on June 17, 2011. Since the defendants have stipulated that the funds are owed to Fifth Third Bank, it seems to follow that they

[2]The Court previously construed a letter filed by Mr. SeKoch as an answer. In that document (Doc. 9), Mr. SeKoch states "[i]n addition I would like for Fifth Third Bank to provide me with the ownership in due course paperwork."

also stipulate, or at the very least no longer contest, that plaintiff is the holder in due course.[3]

It is the duty of the party contesting a motion for summary judgment to direct the court to the places in the record where evidence exists to support her position. *See Caffree v. Lundahl*, 143 Fed. Appx. 102, 106, 2005 WL 1820044, *3 (10th Cir.2005). *See also SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1513-14 (10th Cir.1990) (stating that not only will the court not sift through the record to find support for an argument, the court will not manufacture arguments for the party). Defendants have failed to provide anything other than accusations or conclusory statements.

Since the plaintiff has met its initial burden, the applicable law requires more from the defendants to survive the motion for summary judgment. The burden shifts to the defendants, as the nonmovants, to go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant. *Adler,* 144 F.3d at 671, *citing* Fed. R. Civ. P. 56(e). In order to accomplish this, the nonmovant must identify facts "by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F. 3d at 671 (internal citations and quotations omitted). The defendants cannot defeat a properly supported motion for summary judgment by relying on conclusory allegations; rather, as the opposing party, they must come forward with significant admissible probative evidence supporting their allegations. *Anderson*, 477 U.S. at 256. The defendants have failed to meet this burden, and "[t]he Court is not required to construct arguments for a party and is wary of becoming [an] advocate [ ] who comb[s] the record of previously available evidence and make[s] a party's case

[3]The Court notes that in the defendants' response to plaintiff's summary judgment motion, defendants claim once again that plaintiff has not proved that it is the holder in due course. Since the defendants' response was filed on July 18, 2011, over a month after the parties stipulated in the Pretrial Order that the defendants owed the from the note to the plaintiff, the Court considers this argument waived.

for it." *Adler v. Wal-Mart Stores, Inc*., 144 F.3d 664, 672 (10th Cir.1998)(internal citations omitted).

IT IS ACCORDINGLY ORDERED this 20th day of March 2012, that plaintiff's Motion for Summary Judgment (Doc. 56) is granted.

s/ J. Thomas Marten

J. THOMAS MARTEN, JUDGE